**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRACY BARNES,

    Petitioner,                               Civil No. 2:07-CV-10782
                                                    HONORABLE GERALD E. ROSEN
v.                                        UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE, STAYING CASE WITH CONDITIONS, AND ADMINISTRATIVELY CLOSING THE CASE.

Tracy Barnes, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise additional claims that are not included in the current petition. Respondent has also filed a motion to dismiss the petition on the ground that petitioner is seeking to raise claims which have not been exhausted with the state courts. For the reasons stated below, in lieu of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also

1

administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Barnes,* No. 255639 (Mich.Ct.App. June 16, 2005); *lv. den.* 474 Mich. 938; 706 N.W. 2d 16 (2005).

On or about February 22, 2007, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the three grounds which have been exhausted with the Michigan Court of Appeals and the Michigan Supreme Court on his direct appeal.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Wayne County Circuit Court to present new claims in a post-conviction motion for relief from judgment, which have not yet been exhausted with the state courts.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v.*

*Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

Petitioner has shown the need for a stay. By his own admission, the ineffective assistance of trial counsel claims that he wishes to exhaust have not yet been presented to the state courts. His newly discovered evidence of perjury claim that he also seeks to exhaust was raised only for the first time in his application for leave to appeal to the Michigan Supreme Court. Because petitioner did not raise his newly discovered evidence claim before the Michigan Court of Appeals, his subsequent inclusion of this claim in his application for leave to appeal to the Michigan Supreme Court does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner's ineffectiveness of trial counsel and newly discovered evidence claims have not been properly exhausted in the state courts and the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. See 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied petitioner's application for leave to appeal on November 29, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about February 27, 2006, 90 days after the Michigan Supreme Court denied leave to appeal. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner filed the instant petition on February 22, 2007. Thus, he has approximately five days remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his

4

current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the ineffective assistance of counsel and newly discovered evidence claims which petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. *See e.g. Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). Lastly, there is no indication of intentional delay by petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

## IV. ORDER

Accordingly, for the reasons stated, the Court **DENIES** Respondent's motion to dismiss [Court Dkt. Entry # 10], **GRANTS** Petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 6], and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be

5

subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.


                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on September 5, 2007, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager