UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY BARNES,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent,
_____/

Civil No. 2:07-CV-10782
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Tracy Barnes, ("Petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. The respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss, as well as a motion to compel the respondent to answer the merits of the petition. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Barnes,* No. 255639 (Mich.Ct.App. June 16, 2005); *lv. den.* 474 Mich. 938; 706 N.W. 2d 16 (2005).

On February 22, 2007, petitioner filed a petition for writ of habeas corpus, in which he initially sought habeas relief on the three grounds which had been exhausted with the Michigan Court of Appeals and the Michigan Supreme Court on his direct appeal. On March 21, 2007, petitioner filed a motion to hold the petition in abeyance so he could return to the state court to exhaust additional claims. While awaiting a ruling from this Court on his motion, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court. On August 14, 2007, the trial court denied the post-conviction motion. *People v. Barnes,* No. 04-001116-01 (Wayne County Circuit Court, August 14, 2007). On September 5, 2007, this Court granted petitioner's motion to stay the habeas proceedings and hold the petition in abeyance while petitioner returned to the state courts to exhaust additional claims. The Court also directed petitioner to use the same caption and case number when he returned to the federal courts after exhausting his claims. *See also Barnes v. Lafler,* No.2007 WL 2646583 (E.D. Mich. September 5, 2007).

Petitioner then filed a second motion for relief from judgment with the trial court on October 4, 2007, which was denied on the ground that M.C.R. 6.502(G) prohibits the filing of a successive post-conviction motion, except where there is newly discovered evidence or there has been a retroactive change in the law. *People v. Barnes,* No. 04-001116-01 (Wayne County Circuit Court, February 5, 2008).

Although not mentioned by respondent in her motion to dismiss or by petitioner in

2

his reply to the motion to dismiss or in his motion to compel an answer on the merits, petitioner appears to have sent an application for leave to appeal to the Michigan Court of Appeals via prison mail on February 7, 2008. [1] It is unclear whether petitioner was seeking to appeal the denial of his first or second motion for relief from judgment. On February 19, 2009, petitioner apparently requested a register of actions from the Michigan Court of Appeals. On February 24, 2009, the Michigan Court of Appeals sent petitioner a letter with the register of actions from his direct appeal and informed him that this case had been closed for a number of years. Petitioner was further informed that nothing further could be filed in the matter. [2] Although unclear from the record, petitioner may have filed a motion for reconsideration with the Michigan Court of Appeals, but there is no indication whether that motion was actually filed or when or whether it was denied. [3]

Petitioner then attempted to file an application for leave to appeal with the Michigan Supreme Court. In his application for leave to appeal, petitioner indicated that after the trial court denied petitioner's first motion for relief from judgment on August 14, 2007, it construed his motion for reconsideration as a second motion for relief from judgment, which was denied by that court on February 5, 2008. Petitioner indicates that he then filed his application for leave to appeal to the Michigan Court of Appeals on

---

[1] *See* Expedited Legal Mail Form, attached to the petition for writ of habeas corpus, pp. 107-08 of this Court's Dkt. # 13.

[2] *See* Letter from Hannah J. Wilson, District Clerk of the Michigan Court of Appeals, dated February 24, 2009, attached to petition for writ of habeas corpus, p. 136 of this Court's Dkt. # 13.

[3] *See* Motion for Reconsideration, attached to petition for writ of habeas corpus, pp. 124-30 of this Court's Dkt. # 13.

February 6, 2008. [4] However, in a grievance form that he filed with the Michigan Department of Corrections and which petitioner apparently attached to his application for leave to appeal, petitioner claims that an inmate paralegal with the Legal Writers Program whom petitioner requested assistance from had improperly captioned his application for leave to appeal to the Michigan Court of Appeals as a "Brief in Support of Motion for Relief From Judgment." Petitioner claims that this captioning on the pleading confused the Michigan Court of Appeals, causing them to send petitioner's appeal to the trial court. Petitioner further claimed that the trial court never informed petitioner of this mistake. [5] On May 22, 2009, the Michigan Supreme Court rejected petitioner's application as an improper attempt to seek review of the Michigan Court of Appeals' refusal to accept his untimely filed pleadings with that court. [6]

On June 25, 2009, petitioner re-filed his petition for writ of habeas corpus with this Court, albeit under a different caption and case number. On September 30, 2009, this Court ordered that petitioner's new habeas case be reassigned as a companion case to this one and ordered that the petition be reinstated to the Court's active docket.

## II. Discussion

---

[4] *See* Motion to Remand for *Ginther* Hearing, ¶ 2, attached to the petition for writ of habeas corpus, pp. 70-71 of this Court's Dkt. # 13.

[5] *See* Grievance, attached to petition for writ of habeas corpus, pp. 109-10 of this Court's Dkt. # 13; Petitioner also alludes to this mistake in an unsigned and undated affidavit, which petitioner has also attached to his petition and which may have been attached to one or more of his state post-conviction pleadings. *See* pp. 114-16 of this Court's Dkt. # 13.

[6] *See* Letter from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated May 22, 2009, p. 137 of this Court's Dkt. # 13.

4

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir. 1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).

The Michigan Supreme Court denied petitioner's application for leave to appeal on November 29, 2005. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for

certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on February 27, 2006. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than February 27, 2007 in order for the petition to be timely filed.

Petitioner filed his original petition with the Court on February 22, 2007, with five days remaining on the one-year limitations period. During the pendency of his first petition, petitioner filed his first post-conviction motion with the trial court, which was denied on August 14, 2007. On September 5, 2007, this Court granted petitioner's motion to hold the petition in abeyance so that he could "fully exhaust his habeas claims." *Barnes v. Lafler,* No. 2007 WL 2646583, Slip. Op. at * 2. The Court conditioned the stay upon petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. The Court further advised petitioner that if he failed to comply with these conditions, his case could be subject to dismissal. *Id.*

Petitioner was required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he raised in his post-conviction motion. *See e.g. Mohn v. Bock,*

6

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Although petitioner has attached to his petition some documentation which suggests that he mailed an application for leave to appeal to the Michigan Court of Appeals, the Michigan Court of Appeals apparently never received the application for leave to appeal. The Michigan Supreme Court subsequently denied petitioner's application for leave to appeal as an improper attempt to to seek review of the Michigan Court of Appeals' refusal to accept his untimely filed pleadings with that court.

28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Brown,* 232 F. Supp. 2d at 766. An application for state post-conviction relief is considered "properly filed", for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001).

A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509; M.C.R. 7.205(F)(3). Petitioner's motion for relief from judgment ceased to be pending, for purposes of § 2244(d)(2), on August 14, 2008, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne,* 43 Fed. Appx 827, 828 & fn.

1 (6th Cir. 2002). [7] Moreover, even if the Court were to delay the running of the limitations period until the trial court denied petitioner's second motion for relief from judgment on February 5, 2008, the limitations period would have expired on February 5, 2009, when the one year limitation period for filing an application for leave to appeal with the Michigan Court of Appeals expired.

This Court indicated in its opinion and order which held the original petition in abeyance that petitioner would have thirty days to re-file his habeas petition following the conclusion of his post-conviction proceedings in state court. Because petitioner's post-conviction application ceased to be pending in the state courts on February 5, 2009, at the very latest, petitioner had until March 7, 2009 to re-file his petition for writ of habeas corpus with this Court in compliance with the terms of the terms of the order which held the original petition in abeyance.

Petitioner, however, did not file his current habeas petition with this Court until June 25, 2009. The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal

---

[7] The Court notes that there is an apparent conflict in the Sixth Circuit concerning the tolling of the limitations period pursuant to § 2244(d)(2) where a Michigan prisoner fails to timely appeal the denial of his or her post-conviction motion. In *Whitcomb v. Smith,* 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.* The Sixth Circuit in *Palmer v. Lavigne,* on other hand, tolled the limitations period for the entire one year period that the petitioner could have sought leave to appeal. As indicated above, petitioner's application is untimely even giving him the benefit of this calculation.

of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

In this case, petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to toll the one year limitations period until petitioner returned to this Court. Petitioner's post-conviction proceedings ended, at the very latest, on February 5, 2009, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals following the denial of his post-conviction motion expired. Petitioner did not file the instant petition with this Court until June 25, 2009, after one hundred and forty days had elapsed from this date. Because petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer v. Carlton,* 276 F. 3d at 781-82; *See also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003); *See also McMurray v. Scutt,* 136 Fed. Appx. 815, 817-18 (6th Cir. 2005)(petitioner was not entitled to equitable tolling of limitations period for seeking federal habeas relief after he voluntarily dismissed his first petition in order to exhaust his remaining claims in state court, where petitioner was on notice that he had to refile his habeas petition within 30 days of state court exhaustion, but he waited over ten months to do so). The instant petition is untimely.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F. 3d 396, 401 (6th Cir.2004).

In order to be entitled to equitable tolling, a habeas petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007)(quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2006)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010; *See also Brown,* 232 F. Supp. 2d at 767. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

In his response to the motion to dismiss, petitioner contends that the limitations period should be equitably tolled because he needed to acquire certain documents and records from the state courts in order to perfect his post-conviction appeal. Petitioner has attached to his "motion for summary dismissal of respondent's motion to dimiss petitioner's habeas claim" two letters that he wrote to the trial court on April 20, 2006

and June 26, 2006, in which he requested these materials. Petitioner contends that he did not have these materials until he filed his initial post-conviction motion with the trial court on August 3, 2007.

Assuming that petitioner needed these materials to prepare and file his post-conviction motion, petitioner had these materials by the time he filed his post-conviction motion on August 3, 2007. Petitioner offers no argument as to why the lack of access to these materials prior to the filing of his post-conviction motion on August 3, 2007 prevented him from filing a timely appeal of the denial of his post-conviction motion to the Michigan Court of Appeals, because he had these materials in his possession at that point. In order to be eligible for equitable tolling, a habeas petitioner is required to show "a causal relationship between the extraordinary circumstances in which the claim for equitable tolling rests and the lateness of the filing." *Valverde v. Stinson,* 224 F. 3d 129, 134 (2nd Cir. 2000). If a habeas petitioner has not exercised reasonable diligence in attempting to file his or her petition after the extraordinary circumstances began, the "link of causation" between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances would therefore not prevent a timely filing as required for equitable tolling of the statute of limitations. *Id.* Additionally, the Ninth Circuit has noted:

> [I]t will normally be much more difficult for a prisoner to demonstrate causation when he encounters 'extraordinary circumstances' in the beginning or middle of the limitations period that than when he encounters them at the end of [the] limitations period."

*Allen v. Lewis,* 255 F. 3d 798, 800 (9th Cir. 2001).

Petitioner has not provided any specific reasons stating how the lack of access to

11

these legal materials prior to the filing of his motion for relief from judgment in the trial court prevented him from filing an appeal from his state post-conviction motion or from filing his habeas petition on time. Petitioner has therefore failed to establish a basis for equitable tolling. *See e.g. Grayson v. Grayson,* 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).

Although not specifically argued by petitioner in his response to the motion to dismiss, in his motion for reconsideration to the Michigan Court of Appeals, which he has attached to the petition for writ of habeas corpus, petitioner argued that the limitations period should be equitably tolled because he relied on an inmate paralegal who worked for the Legal Writers Program, a state funded assistance program, to prepare his post-conviction appeal to the Michigan Court of Appeals. Petitioner claims that this inmate paralegal's error in titling his appellate brief as a motion for relief from judgment confused the Michigan Court of Appeals, causing them to send petitioner's appeal to the trial court. Petitioner further claimed that the trial court never informed petitioner of this mistake.

A state's effort to assist prisoners with their post-conviction proceedings does not make the state accountable for a prisoner's delay in complying with the AEDPA's limitations period. *See Lawrence v. Florida,* 549 U.S. 327, 337 (2007). Moreover, petitioner is not entitled to equitable tolling merely because he entrusted a fellow inmate to prepare his state post-conviction appeal for him and this inmate failed to properly file his post-conviction appeal, because this was not a circumstance beyond petitioner's control, in that petitioner could have prepared and filed his post-conviction appeal himself. *See United States v. Cicero,* 214 F. 3d 199, 204-05 (D.C. Cir. 2000); *Paige v.*

*United States,* 171 F. 3d 559, 561 (7th Cir. 1999); *Henderson v. Johnson,* 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). "[I]t is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief." *Henderson,* 1 F. Supp. 2d at 655. "[I]nmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." *Id.*

Petitioner is also not entitled to equitable tolling of the limitations period for any time that he allegedly spent attempting to ascertain the status or location of his post-conviction appeal with the Michigan Court of Appeals, because there is no indication that petitioner ever wrote to that court to inquire about the status of his appeal. Although petitioner wrote several letters to the Wayne County Circuit Court and to the State Court Administrator, [8] petitioner does not offer any argument as to why he never contacted the Michigan Court of Appeals to inquire about the status of his appeal, when he claims that he had mailed his application for leave to appeal to that court. In addition, petitioner is not entitled to equitable tolling, because there is no indication that petitioner took any steps other than writing letters, such as calling the Michigan Court of Appeals by telephone or seeking assistance or help from relatives or friends who could have gone to that court personally to ascertain whether the appeal had been filed. *See Drew v. Department of Corrections,* 297 F. 3d 1278, 1289 (11th Cir. 2002)*.*

More importantly, petitioner is not entitled to equitable tolling of the limitations

---

[8] *See* Letters attached to the petition for writ of habeas corpus, pp. 131-35 of this Court's Dkt. # 13.

13

period because he has failed to show that he acted with due diligence in attempting to re-file his application for leave to appeal with the Michigan Court of Appeals. There is no indication that petitioner attempted to re-file his application for leave to appeal within one year of his original attempt to file that application on February 7, 2008. Although unclear, petitioner may have attempted to file a motion for reconsideration after he received the letter from the Michigan Court of Appeals on February 19, 2009, which informed him that no appeal had been filed from the denial of his post-conviction motion.

In *Johnson v. McCaughtry,* 265 F. 3d 559, 565 (7th Cir. 2001), the Seventh Circuit held that a habeas petitioner was not entitled to equitable tolling based on the fact that the state courts had erred in dismissing his first two state post-conviction petitions on the basis that they had been filed in the improper forum, when the petitioner waited 107 days after the dismissal of the first state petition and 47 days after dismissal of the second petition to re-file essentially the same petition.

In *Webb v. Cason*, No. 2003 WL 21355910, * 5-6 (E.D. Mich. May 30, 2003); *aff'd* 115 Fed. Appx 313 (6th Cir. 2004); *cert. den.* 545 U.S. 1120 (2005), another judge in this district ruled the petitioner was not entitled to equitable tolling because his original post-conviction motion had been misplaced by the Detroit Recorder's Court, where the petitioner offered no explanation why he waited over one year after the Michigan Court of Appeals had dismissed his complaint for superintending control, which the petitioner had filed to compel the trial court to file and adjudicate his first motion, to re-file his motion for relief from judgment with the trial court. *Id.*

Because petitioner did not act with due diligence in resubmitting his application

for leave to appeal to the Michigan Court of Appeals, he is not entitled to equitable tolling based on the fact that his original application for leave to appeal was either misplaced or never received by that court.

Petitioner further argues that it would be a "miscarriage of justice" for the Court to fail to address the merits of his claims. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court would not err in declining to address the merits of petitioner's substantive claims.

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup,* 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614,

15

623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner claims in his petition that counsel was ineffective for failing to call several "potential alibi witnesses," petitioner admits that their testimony would not have been "conclusive," but only "useful". [9] The evidence at trial established that the shooting occurred at approximately 2:00 p.m. [10] Petitioner's proposed alibi witnesses could only account for his whereabouts after the time of the shooting. [11] Because these purported alibi witnesses would not preclude petitioner's involvement in the murder, they would be insufficient to establish petitioner's actual innocence, so as to toll the limitations period. *See Melson v. Allen,* 548 F.3d 993, 1003-04 (11th Cir. 2008). Moreover, although petitioner claims that the main witness who testified against him, Jacqueline Marlow, has now recanted her testimony, petitioner has not provided this Court or the state courts with an affidavit from Ms. Marlow. Instead, petitioner has provided statements from his mother, Rosetta Barnes, and Ms. Gennie Marlow, who claim that Jacqueline Marlow recanted her trial

---

[9] *See* Petition for Writ of Habeas Corpus, p. 7.

[10] See e.g. Tr. 4/23/2004, pp. 53-54.

[11] *See* Affidavits of Jacqueline Johnson and Reverend John Laura, pp. 78-79 of this Court's Dkt. # 13.

testimony to them. [12] These hearsay statements are only minimally persuasive evidence in support of petitioner's actual innocence, because as hearsay evidence it is presumptively less reliable than direct testimony. *See Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 433 (6th Cir. 2007). In any event, recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). As such, the alleged recantation of a prosecution witness is insufficient to establish a habeas petitioner's actual innocence, so as to equitably toll the limitations period. *See Ajamu-Osagboro v. Patrick,* 620 F. Supp. 2d 701, 718-19 (E.D. Pa. 2009).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

---

[12] *See* Affidavits of Rosetta Barnes and Gennie Marlow, attached to the petition for writ of habeas corpus, pp. 80-81, 83 of this Court's Dkt. # 13.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Brown,* 232 F. Supp. 2d at 770. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2010, by electronic mail and upon Tracy Barnes, #223937, Lakeland Correctional Facility, 141 First Street, Coldwater, Michigan 49036 by ordinary mail.

s/Ruth A. Gunther
Case Manager